Howard A. Zeller, J.
Defendant, a resident of Madison County, moves to change the venue of this action from Onondaga County to Madison County upon the ground that Onondaga County is not a proper county. With his answer defendant served a demand for change of venue “ to the proper county, to wit: the County of Madison, the county where both parties •reside.” Within five days plaintiff served an affidavit sworn to by his attorney stating, upon information and belief, the source being conferences with plaintiff, that at the time of commencement of this action plaintiff resided at 215 South Park Street in Syracuse, Onondaga County. On this motion defendant submits an affidavit sworn to by his attorney stating he has information that plaintiff resides at 215 South Park Street in Canastota, Madison County.
In opposition to this motion plaintiff raises a procedural point —the motion for change of venue may not be entertained in Madison County. Subdivision (b) of CPLB 511 provides, in part, £ £ Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant- is not proper or that the county designated by him is proper.” Thus, the affidavit served by plaintiff’s attorney after the demand for a change of venue prevents defendant from noticing this motion ££ as if the action were pending in the county he specified ”, i.e.. Madison County.
Hence, this motion to change venue must be noticed to be heard considering that the present venue of the action is Onondaga County. Subdivision (a) of CPLB 2212 provides, in part, 11A motion on notice in an action in. the supreme court shall be noticed to be heard in the judicial district where the action is *619 triable or a county adjoining the county where the action is triable.” A Practice Commentary by Professor McLaughlin concerning subdivision (b) of CPLB 511 motions (McKinney’s Cons. Laws of N. Y., Book 7B, CPLB 511) states: 11 If the plaintiff serves such an affidavit, then the defendant may make his motion only in the court from which he desires to move, subject of course, to the usual rules with respect to motions in adjoining counties ate* * *
In Ludlow Valve Mfg. Co. v. Silberblatt, Inc. (14 A D 2d 291, 294), the court stated that a motion to change venue to a proper county after demand and service of an affidavit should be made “ in the judicial district in which the action was brought In that case the action had been commenced in Clinton County and the counties adjoining Clinton County are in the same judicial district. Hence, the court had no need to consider adjoining counties not in the same judicial district.
The cases relied on by plaintiff are inapposite as adjoining counties were not involved.
Madison County and Onondaga County, although in different judicial districts, do adjoin and this motion was properly noticed to be heard in Madison County.
The affidavits before the court on this motion are by attorneys who have “ information ” but no personal knowledge of plaintiff’s residence. Each party may have 10 days to submit affidavits from persons having actual knowledge of plaintiff’s residence.